Opinion filed July 16, 2026



## In The

# Eleventh Court of Appeals

_____

### No. 11-26-00180-CV

_____

### SHAWNA DEBOER AND DURK DEBOER, Appellants

### V.

### ANGELA COOPER AS SUBSTITUTE TRUSTEE AND DEBOER REO, LLC, Appellees

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. 25CVDC-336**

### MEMORANDUM OPINION

In December 2025, pro se Appellants, Shawna DeBoer and Durk DeBoer, as "owners and managing partners of DeBoer Agricultural Holdings, LLC," filed an "Owners Affidavit Regarding Purported Conveyance," seeking to (1) establish a presumption that a substitute trustee's deed was fraudulent and (2) because such deed conveying the subject property was "fraudulent," obtain findings of fact and conclusions of law from the trial court pursuant to Section 51.9035. *See* TEX. GOV'T

CODE ANN. §§ 51.901(c)(4), .9035 (West Supp. 2025). The trial court signed its findings of facts and conclusions of law on March 31, 2026, and April 16, 2026, respectively. On June 10, Appellants filed a pro se notice of appeal from the trial court's findings. Later that day, the trial court signed an order granting Appellee's motion to strike the entities' "pleadings" in the matter because the entity was not represented by a licensed attorney. *See Garrett Trucking, LLC v. Roscoe Collegiate Indep. Sch. Dist.*, No. 11-24-00225-CV, 2024 WL 4845964, at *1 (Tex. App.—Eastland Nov. 21, 2024, no pet.) (mem. op.). Pursuant to the trial court's order, the "lawsuit" was dismissed. After due consideration, we dismiss Appellants' appeal.

Pursuant to Section 51.9035, if an owner of real property has reason to believe that a document or instrument purporting to convey title or an interest in property is fraudulent, the *owner* may complete and file a petition for judicial review of the document. GOV'T § 51.9035(a), (b). A district court having jurisdiction over real property matters in the county where the document or instrument is recorded may rule on the petition. *Id.* § 51.9035(d). The district court may make its ruling solely on the petition, the attachments, and any relevant public records, and its "review may be made ex parte without delay or notice of any kind." *Id.* The district court must also make an appropriate finding of fact and conclusion of law following its review. *Id.* § 51.9035(f). We are required to expedite the review of a district court's finding under this section. *Id.* § 51.9035(d).

Appeals that are required by rule or statute to be expedited are "accelerated appeals." TEX. R. APP. P. 28.1(a). In an accelerated appeal, an appellant's notice of appeal must be filed within twenty days after the appealable judgment or order is signed. TEX. R. APP. P. 26.1(b). Filing a posttrial motion does not extend the time to perfect an accelerated appeal. TEX. R. APP. P. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Here, Appellants filed their pro se notice of appeal fifty-five days after the trial court's April 16 order was signed.

When this appeal was docketed, we informed Appellants by letter that their notice of appeal appeared to be untimely filed. We requested a response from both parties and informed Appellants that the appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3.

In response, Appellee, DeBoer REO, LLC (REO), filed a motion to dismiss for want of jurisdiction, stating that pro se Appellants' notice of appeal was untimely filed and that Appellants do not have standing to file a Section 51.9035 petition because they are not the owners of the subject property. In response, Appellants state that the trial court's subsequent order dismissing the "lawsuit" in response to REO's motion to strike—signed after Appellants filed their notice of appeal of the trial court's findings—disposed of all parties and claims in the "lawsuit" and therefore constituted a final, appealable order. To this point, REO states that a plain reading of the statute indicates the legislature's desire to designate an accelerated appeal of the district court's findings in a case such as this, and thus allowing a second chance to appeal—once after the district court enters the findings and conclusions and once after the district court "enters a ministerial order closing the case"—is an absurd result that the legislature did not intend when enacting this statute. *See* GOV'T § 51.9035(d).

We agree with REO. Although the trial court dismissed the "lawsuit" in its June 10 order, there is nothing in the documents on file in this court indicating that Appellants filed any claims against Appellees in trial court cause no. 25CVDC-336, or that any claims were pending before the trial court in that cause. Rather, trial court cause no. 25CVDC-336 *began* when Appellants filed their petition pursuant to Chapter 51, and it *ended* when the trial court signed its findings and conclusions on that issue. *See, e.g.*, *Waterhouse v. GoFit*, 656 S.W.3d 435, 437 (Tex. App.—El Paso 2022, no pet.) (addressing an appeal of the trial court's findings of fact and conclusions of law under Section 51.903, an analogous statute for actions based on

3

a fraudulent lien on property); *In re Purported Lien or Claim Against Taylor*, 219 S.W.3d 620, 621 (Tex. App.—Dallas 2007, pet. denied) (same).

When a party appeals the trial court's findings and conclusions under Section 51.9035, we must expedite the appeal, as we have in this case. GOV'T § 51.9035(d); *see id.* § 51.903(c) (providing for an accelerated appeal from the trial court's findings). Because this is an accelerated appeal, Appellants' notice of appeal was due to be filed in the trial court on or before May 6, or by May 21 had they timely filed a motion for extension of time. *See* TEX. R. APP. P. 26.1(b), 26.3. Appellants instead filed their notice of appeal on June 10. Because Appellants failed to file a timely notice of appeal from the trial court's findings and conclusions, we lack jurisdiction to entertain their appeal. *See K.A.F.*, 160 S.W.3d at 927.

Accordingly, we grant REO's motion to dismiss and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). All other pending motions are dismissed as moot.

W. STACY TROTTER

JUSTICE

July 16, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.